IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:22-CR-204 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE IN |
| TYREN L. CERVENAK, | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTION TO REDUCE SENTENCE |
| Defendant. | ) | UNDER 18 U.S.C. § 3582(c)(2) |

Now comes the United States of America, by and through its counsel, Rebecca C. Lutzko, United States Attorney, and Daniel J. Riedl[1], Assistant United States Attorney, and hereby responds in opposition to Defendant Tyren L. Cervenak's motion under 18 U.S.C. § 3582(c)(2) seeking a reduced sentence based on Part A of Amendment 821 to the Sentencing Guidelines.  (R. 59:  Motion, PageID 305-307; R. 60: Supp. Motion, PageID 309-310).  He is not eligible for this relief, and the motion should be denied.

**I.      Background**

On April 27, 2022, Defendant was charged in a one-count indictment with being a felon in possession of firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (R. 13: Indictment, PageID 32-33).  On May 11, 2022, Defendant was charged in a three-count superseding indictment with two counts of distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 1 and 2), and one count of being a felon in

---

[1] Assistant United States Attorney Daniel J. Riedl is making an appearance for purposes of this motion only.

possession of firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (R. 19: Superseding Indictment, PageID 55-57). On August 11, 2022, Defendant pleaded guilty to all three counts of the superseding indictment. (R. 30: Final PSR, PageID 104).

Under U.S.S.G. §2D1.1, Defendant's base offense level was 12. (*Id*., PageID 107). A two-level increase was applied pursuant to §2D1.1(b)(1). Defendant's offense level was then increased to level 32 because he is a career offender under USSG §4B1.1(b)(3). He received a two-level reduction under §3E1.1(a), and a one-level reduction under §3E1.1(b), resulting in total offense level 29. (*Id.*). Defendant had six prior convictions for Possession of Cocaine, Possession of Marijuana, Robbery with Firearm Specifications, Trafficking in Heroin, Improperly Handling Firearms in a Motor Vehicle, and Escape, which collectively yielded 11 criminal history points. In addition, because Defendant was on probation at the time he committed the instant offense, he received 2 additional "status points" under Section 4A1.1(d) (applying 2 criminal history points for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."). With a total of 13 criminal history points, he was in criminal history category VI. Defendant was also judged to be a career offender under §4B1.1(b), placing him in category VI regardless of his criminal history points. The advisory guideline range at offense level 29, criminal history category VI, was 151 to 188 months. (*Id.*, PageID 119).

On May 17, 2023, this Court sentenced Defendant to 188 months imprisonment, 5 years supervised release, and a $300 special assessment. (R. 42: Judgment, PageID 171-177).

Defendant is serving his sentence at FCI Beckley, with a minimum release date of May August 19, 2035.[2] He has served approximately 8 months.

Presently before this Court is Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c)(2) following Guidelines Amendment 821. His motion should be denied because, as a career offender, he is not eligible for relief.

## II. Discussion

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise presents 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while a person who otherwise presents 6 criminal history points or fewer receives no status points.

On August 24, 2023, the Commission decreed that this change applies retroactively. The Commission further directed that a court granting relief may not order the release of a defendant to occur any earlier than February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Defendant seeks relief on these grounds. The government agrees that, absent the application of the career offender guidelines, Defendant would qualify as Criminal History Category V. Defendant, however, is a career offender, and in every case a career offender's

---

[2] https://www.bop.gov/inmateloc (last accessed January 17, 2024).

3

criminal history category is category VI. See §4B1.1(b) (Nov. 1, 2011). The amended provision does not apply to the Defendant, and in this circumstance, no relief is permissible.

Title 18, United States Code, Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, including Part A of Amendment 821, and articulated the proper procedure for implementing those amendments.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized.

4

> Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

Consistent with these rules, Defendant is not eligible for a reduction in sentence, and his motion fails at the first step. Section 1B1.10(a)(2) provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." That is the situation here, and therefore the motion must be denied.

        Respectfully submitted,

        REBECCA C. LUTZKO
        United States Attorney

By:   /s/ Daniel J. Riedl
       Daniel J. Riedl (OH: 0076798)
       Assistant United States Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3669
       (216) 685-2378 (facsimile)
       Daniel.Riedl@usdoj.gov